IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRISTIAN NARANJO,<br><br>        *Plaintiff*,<br>v.<br><br>THE CHERRINGTON FIRM, LLC, and LACEY CHERRINGTON,<br><br>        *Defendants*. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**<br><br>Case No. 2:17-cv-00645-JNP<br><br>District Judge Jill N. Parrish |

## I.    BACKGROUND

Plaintiff Cristian Naranjo filed suit against the Cherrington Firm, LLC and Lacey Cherrington (collectively, "Cherrington"). Cherrington is engaged in the business of debt collection. Cherrington allegedly attempted to and did collect from Naranjo amounts in excess of what Naranjo actually owed. Naranjo claims that Cherrington's debt-collection practices violated (1) the Fair Debt Collection Practices Act ("FDCPA"), and (2) the Utah Consumer Sales Protection Act ("UCSPA"). Cherrington has moved to dismiss Naranjo's UCSPA claim on the grounds that debt collection is governed by a more specific statute, the FDCPA. The Court finds this argument meritless and therefore denies the motion.

## II.    DISCUSSION

Cherrington contends that Naranjo's UCSPA claim is barred because a more specific federal law, the FDCPA, governs debt collection. Cherrington states, "Utah law is clear that a claim under the UCSPA is barred when the conduct at issue is 'governed by other, more specific law.'" But Cherrington misunderstands Utah law.

Under Utah law, courts must construe legislative enactments to "give effect to the legislature's underlying intent." *Millett v. Clark Clinic Corp.*, 609 P.2d 934, 936 (Utah 1980). The "primary goal when construing statutes is to evince 'the true intent and purpose of the Legislature [as expressed through] the plain language of the Act.'" *Hall v. Utah State Dept. of Corrections*, 24 P.3d 958, 963 (Utah 2001) (quoting *Jensen v. Intermountain Health Care, Inc.*, 679 P.2d 903, 906 (Utah 1984)). As such, when two statutory provisions conflict, the provision that is more specific in its application governs over the more general provision. *Id.*; *Pugh v. Draper City*, 114 P.3d 546, 549 (Utah 2005).

In *Carlie v. Morgan*, 922 P.2d 1, 6 (Utah 1996), the Utah Supreme Court held that the UCSPA did not provide a remedy because the Utah Fit Premises Act spoke directly to the alleged violations whereas the UCSPA did not. Tenants claimed that the owner of their apartment building and the building manager violated the UCSPA because the apartment building was closed due to health code violations. *Id.* at 2. Although the UCSPA "focuses generally on deceptive and unconscionable sales practices," the Fit Premises Act "provides specific remedies to residential tenants whose rental units become uninhabitable due to violations of health and safety standards." *Id.* at 6. Thus, the court held that plaintiff could not rely on the UCSPA because "[s]pecific statutes control over more general ones." *Id.* (citing *State v. Lowder*, 889 P.2d 412, 414 (Utah 1994)).[1]

---

[1] Justice Howe wrote a concurrence in which he explained that he believed that the UCSPA did not apply because of a comment made by the drafters of the Uniform Consumer Sales Practices Act, the draft legislation after which the UCSPA was modeled. *Carlie*, 922 P.2d at 7 (Howe, J., concurring). The drafters of the Uniform Act stated, "On the assumption that land transactions frequently are, and should be, regulated by specialized legislation, they are excluded altogether." *Id.* (quoting *Wade v. Jobe*, 818 P.2d 1006, 1014 (Utah 1991)). According to Justice Howe, "comments by the drafters of uniform acts are not written into the statute when Utah adopts a version of a uniform act but are nevertheless considered relevant when seeking legislative intent." *Id.*

In a later case, *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1150 (10th Cir. 2013), the Tenth Circuit applied *Carlie* to hold that the UCSPA did not provide a remedy because other state law (Utah's Mortgage Lending and Servicing Act) more specifically regulated the subject matter of the case, mortgage loan servicing. The plaintiff had also brought a claim under the Real Estate Settlement Procedures Act ("RESPA"), a federal consumer protection statute that regulated mortgage servicing. *Id.* at 1143. But the court did not rely on the existence of more specific federal law to hold that the UCSPA did not provide a remedy. *See id.* at 1150. The UCSPA analysis focused solely on state law. *Id.*

In *Thomas v. Wells Fargo Bank, N.A.*, No. 2:13-cv-686, 2014 WL 657394, at *3 (D. Utah Feb. 20, 2014), the court held that the UCSPA did not provide a remedy because the wrongful conduct alleged by the plaintiff was governed by a more specific *federal* statute, the Fair Credit Reporting Act. The court first looked to Utah Code § 13-11-22(1)(a), which provides that the UCSPA "does not apply to . . . an act or practice required or specifically permitted by or under federal law, or by or under state law." The court then cited *Carlie* and *Breneike* for the proposition that a plaintiff cannot bring claims under the UCSPA when those claims "are governed by any other state *or federal law*." *Thomas*, 2014 WL 657394, at *3 (emphasis added).

The holding in *Thomas* is wrong for two reasons. *First*, neither *Berneike* nor *Carlie* stands for the proposition that UCSPA does not provide a remedy when the alleged acts are governed by more specific *federal* law. Both cases looked to more specific *state* law to conclude that the UCSPA did not provide a remedy. In fact, in *Breneike*, the court ignored the fact that there was more specific federal law, RESPA, which regulated the alleged wrongful conduct. *Second*, § 13-11-22(1)(a) speaks only to situations where state or federal law "require[s] or specifically permit[s]" the alleged wrongful conduct. It does not speak to a situation where both

3

federal and state laws *prohibit* certain conduct.[2] Moreover, the holdings in *Carlie* and *Breneike* were not based on § 13-11-22(1)(a), contrary to what the *Thomas* court seems to suggest; neither case mentions § 13-11-22(1)(a).

In the most recent case cited by Cherrington, *West v. C.J. Pressman Co.*, No. 2:16-cv-75, 2017 WL 4621611, at *7 (D. Utah Oct. 13, 2017), the court held that plaintiffs failed to allege a UCSPA claim because the alleged wrongful conduct fell squarely within the Federal Wiretap Act *and* the Utah Interception of Communication Act (collectively defined in the case as the "Wiretap Acts"). The court was not clear as to whether it would have reached the same conclusion if it relied solely on the Federal Wiretap Act:

> This conduct falls squarely within the Wiretap Acts. Thus, because the more specific Wiretap Acts control over the more general UCSPA, [plaintiff's] claim for violation of the UCSPA is DISMISSED.

*Id.* (footnotes omitted). Thus, *West* provides little guidance to the case at hand in which Cherrington relies solely on federal law to argue that a UCSPA claim is barred.

Here, Naranjo's UCSPA claim is not barred by the FDCPA. Both *Carlie* and *Berneike* spoke to situations where UCSPA claims were improper due to more specific state law. The rule enunciated in *Carlie* seeks to maintain consistency between state statutes. *See Lowder*, 889 P.2d at 414. This gives effect to the Utah legislature's underlying intent. *Millett*, 609 P.2d at 936. For instance, if the Utah legislature has spoken specifically to a topic, its decision on that topic should not be undermined by a general legislative enactment, such as the UCSPA. But *Carlie* does not stand for the proposition that UCSPA claims are barred when there is more specific federal law that is consistent with state law. Indeed, the Court is unaware of any Utah Supreme

---

[2] Cherrington even concedes this in its Reply: "Of course, if the conduct about which the plaintiff in *Thomas* complained was illegal, it could not, by definition be 'an act or practice required or specifically permitted by or under federal law.'"

4

Court case in which a party has been denied a remedy under Utah law because of a more specific, but not conflicting, federal law.

Cherrington's argument is based entirely on the existence of a federal law, the FDCPA. It has not pointed to a state law that specifically regulates the alleged wrongful conduct, improper debt-collection practices. While there is state law that imposes registration and bond requirements on collection agencies, it does not regulate debt-collection practices. *See* Utah Code Ann. § 12-1-1 *et seq.* If Cherrington is aware of state law that specifically regulates debt collection, it is more than welcome to file a motion alerting the Court to such law.

Cherrington seems to argue that the Court should adopt a sweeping rule of statutory construction whereby plaintiffs are denied remedies under state law whenever there is a more specific federal law. Admittedly, the court in *Thomas* adopted such an approach. But that case was based on an erroneous reading of *Carlie*, *Berneike*, and § 13-11-22(1)(a). Such an approach would lead to sweeping preemption of Utah law whenever a federal law spoke more specifically to the subject matter of a lawsuit. In the case at hand, this was neither the intent of the Utah legislature, *see* § 13-11-22 (exemptions), nor Congress, *see* 15 U.S.C. § 1692n ("[The FDCPA] does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency."). Accordingly, the Court concludes that Naranjo's UCSPA claim is not barred by the FDCPA.[3]

---

[3] Cherrington ignores a number of cases from this circuit in which courts have allowed parties to seek redress under both the UCSPA and the FDCPA. *See Heard v. Bonneville Billing and Collections*, Nos. 99-4092, 99-4100, 2000 WL 825721, at *1 (10th Cir. 2000) ("The district court granted summary judgment to [plaintiff] on her claim [that defendant] violated the [FDCPA] and the [UCSPA] . . . ."); *Gallegos v. LVNV Funding LLC*, 169 F. Supp. 3d 1235, 1240 (D. Utah

Moreover, § 13-11-22(1)(a) does not bar Naranjo's UCSPA claim. As noted above, this section provides that the UCSPA does not apply when state or federal law "require[s] or specifically permit[s]" the alleged wrongful conduct. Here, Naranjo claims that Cherrington *violated* both federal and state law. Section 13-11-22(1)(a) would apply only if Cherrington's actions were required or specifically permitted by federal or state law. Accordingly, the Court concludes that § 13-11-22(1)(a) does not bar Naranjo's UCSPA claim.

In sum, Naranjo's UCSPA is not barred by the rule enunciated in *Carlie* nor § 13-11-22(1)(a). The UCSPA claim would be barred under *Carlie* only if there were a more specific state law that regulated the subject matter of this suit, debt collection. Cherrington has not identified any such law. And § 13-11-22(1)(a) would apply only if the alleged wrongful conduct were required or specifically permitted by federal or state law. It is not.

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court DENIES Cherrington's Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 11). Naranjo's UCSPA claim is not barred by the FDCPA.

Signed January 22, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

2016) ("Plaintiff filed the present action alleging that Defendants violated the [FDCPA and] . . . the [UCSPA] . . . ."); *Midland Funding LLC v. Sotolongo*, 325 P.3d 871, 875 (Utah Ct. App. 2014) (third-party plaintiff alleged "various violations of the [FDCPA] and the [UCSPA]"); *Brown v. Constantino*, No. 2:09-cv-357-DAK, at *1 (D. Utah Oct. 27, 2009).